UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

NEDGRA D. BAKER,

     Plaintiff,

v.

MTA BUS COMPANY; ROBERT
"BUTCH" MILLER; YVETTE DUKE
AND SUZETTE POME,

     Defendants.

18-CV-12231 (TMR)

**OPINION & ORDER**

Dated: June 4, 2026

Alejandro Carvajal and Andrew Connery, Cravath, Swaine & Moore LLP, of New York, N.Y., argued for plaintiff Nedgra D. Baker.

Helene R. Hechtkopf and Connor G. Shea, Hoguet Newman Regal & Kenney, LLP, of New York, N.Y., argued for defendants MTA Bus Company ("MTA Bus"), Robert "Butch" Miller, Yvette Duke and Suzette Pome.

TIMOTHY M. REIF, Judge, United States Court of International Trade, Sitting by Designation:

Before the court is the motion in limine of plaintiff Nedgra D. Baker. Pl.'s Notice of Mot. in Lim., ECF No. 143 ("Pl. Mot.").

Plaintiff moves for: (1) exclusion at trial of evidence related to MTA transfer policies; or, in the alternative, (2) permission to take a limited deposition as to MTA transfer policies. Pl. Mot. at 1; Mem. of Law in Supp. of Pl. Mot. in Lim. To Exclude Prejudicial Evid. Related to MTA Transfer Policies ("Pl. Br.") at 1, ECF No. 144.

For the reasons discussed below, the court grants in part and denies in part

Court No. 18-CV-12231                                                              Page 2

plaintiff's motion in limine.

## BACKGROUND

Plaintiff brought the instant action against defendants MTA Bus Company, Butch Miller, Yvette Duke and Suzette Pome (collectively "defendants"), alleging claims of race discrimination, retaliation, failure to accommodate and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.  *See* Employment Discrimination Compl., ECF No. 2.

During discovery, the parties conducted two depositions of defendants' Rule 30(b)(6) witnesses as to the noticed topic of "Practices, policies, procedures . . . relating to bus dispatcher or bus operator requests for transfer between MTA bus depots."  Letter of January 22, 2024, to Judge Timothy M. Reif from Pl. re: Pre-Trial Dispute ("Pl. Ltr."), at 1 n.1, ECF No. 119.

On August 5, 2020, defendants produced Mr. Clarence Howard as their first Rule 30(b)(6) witness.  Letter of July 27, 2020, to Magistrate Judge Katharine H. Parker from Defs. re: Depo. Schedule, ECF No. 43.  Because there were topics as to which "the witness was not able to testify to at the first session," the Court extended the discovery deadline to permit the deposition of an additional Rule 30(b)(6) witness.  Tr. of Proceedings re: Telephone Conference at 5:20-6:6, ECF No. 46.

Court No. 18-CV-12231                                                    Page 3

On September 14, 2020, defendants produced Mr. Benjamin Serrano as their second Rule 30(b)(6) witness.  Decl. of Andrew T. Connery in Supp. of Pl. Mem. of Law in Supp. of Pl. Mot. in Limine Re. MTA Transfer Policies Ex. A ("Serrano Dep.") at 1, ECF No. 145.

During the deposition, Mr. Serrano testified as to MTA Bus' "different transfer processes," including limitations imposed by the collective bargaining agreement ("CBA") between plaintiff's union, Local 1179 Amalgamated Transit Union AFL-CIO, and defendants.  Serrano Dep. at 83:17-20, 84:15-22, 86:11-16; *see also* Pl. Br. at 1-2.  Mr. Serrano referred several times to "contractual agreements" governing transfer procedures.  Serrano Dep. at 84:15-22, 86:11-16.

On October 6, 2020, plaintiff moved to compel production of the CBA.  Ltr. Mot. to Compel Prod. of Docs. at 2, ECF No. 48.  The Court granted the motion.  Order Granting Mot. to Compel, ECF No. 50.

On November 10, 2020, defendants produced the CBA.  Pl. Br. at 2.

On July 18, 2023, the Court granted in part and denied in part defendants' motion for summary judgment dismissing the complaint.  Op. & Order, ECF Nos. 82, 90.

After the order of July 18, 2023, two claims remained for trial: (1) plaintiff's race discrimination claims brought against MTA Bus pursuant to Title VII and against each defendant pursuant to 42 U.S.C. § 1981, the NYSHRL and the NYCHRL; and (2) plaintiff's failure-to-accommodate claim brought against MTA Bus pursuant to the NYCHRL.  *Id.* at 94.

Court No. 18-CV-12231                                                  Page 4

After the Court's summary judgment ruling, plaintiff sought an additional deposition concerning what limitations, if any, the CBA imposed on transfers or disability accommodations.  *See* Pl. Ltr. at 2.  Plaintiff contends that defendants' production of the CBA after the Rule 30(b)(6) depositions prevented meaningful examination as to that topic.  *Id.*  The parties did not reach an agreement regarding additional deposition testimony.  *Id.*

In advance of the pre-trial conference on January 24, 2024, plaintiff filed a letter requesting that the Court preclude defendants' witnesses from testifying at trial about MTA transfer policies beyond those that defendants had disclosed previously.  *Id.*  Plaintiff alternatively requested leave to take additional depositions as to those matters.  *Id.*  At the January 24, 2024 pre-trial conference, the Court did not rule on plaintiff's request.  *See generally* Tr. of Proceeding re: Conference, ECF No. 124.

On April 8, 2026, plaintiff filed the instant motion in limine seeking to: (1) "preclud[e] Defendants from eliciting testimony interpreting the collective bargaining agreement . . . or introducing other evidence concerning MTA or union transfer policies, procedures or restrictions, to the extent that those policies have not been previously disclosed"; or, in the alternative, (2) "take a limited deposition" as to that topic.  Pl. Br. at 1.

On May 8, 2026, defendants filed their opposition brief to plaintiff's motion in limine.  Defs. Mem. of Law in Opp'n to Pl. Mot. in Limine ("Defs. Resp. Br."), ECF No. 149.

On May 15, 2026, plaintiff filed a reply in further support of the motion.  Pl. Mem. of Law in Reply to Pl. Mot. in Limine ("Pl. Reply Br."), ECF No. 150.

## JURISDICTION AND STANDARD OF REVIEW

The court exercises subject matter jurisdiction over plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.  The court exercises supplemental jurisdiction over plaintiff's claims brought under the NYSHRL and NYCHRL pursuant to 28 U.S.C. § 1367(a), because those claims "form part of the same case or controversy" as plaintiff's federal law claims.  28 U.S.C. § 1367(a).

The Court's authority to resolve the present motion in limine derives from its inherent authority to manage trials and evidentiary issues.  *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) ("The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.") (citation modified).

The Federal Rules of Evidence ("FRE") favor the admission of relevant evidence.  *See* FRE 402.

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence."  FRE 401.

A district court excludes evidence on a motion in limine "only when the

evidence is clearly inadmissible on all potential grounds." *United States v.*

*Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006).

Under Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure ("FRCP"), a

party must supplement disclosures and discovery responses "in a timely manner" if

the party learns that the disclosure is incomplete or incorrect.  Under Rule 37(c)(1),

if a party fails to disclose information required by Rule 26(a) or (e), "the party is not

allowed to use that information . . . at a trial, unless the failure was substantially

justified or is harmless."

In determining whether a failure to disclose is "substantially justified or

harmless," the Second Circuit commonly considers, inter alia: "(1) the party's

explanation for the failure to comply with the discovery order; (2) the importance of

the testimony of the precluded witness; (3) the prejudice suffered by the opposing

party as a result of having to prepare to meet the new testimony." *Softel, Inc. v.*

*Dragon Med. & Sci. Commc'ns, Inc.,* 118 F.3d 955, 961 (2d Cir. 1997); *see also*

*Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Under Rule 30(a)(2)(A)(ii), leave of court is required to redepose a witness.

Additionally, district courts possess discretion in determining whether preclusion of

evidence or a lesser remedy is appropriate.  *See Design Strategy, Inc. v. Davis*, 469

F.3d 284, 296-98 (2d Cir. 2006).  In exercising that discretion, courts consider

factors including prejudice, diligence and the likelihood that additional discovery

will lead to relevant evidence.  *See Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d

51, 515 (E.D.N.Y. 2018).

## DISCUSSION

The court concludes that defendants' delayed production of the CBA prejudiced plaintiff's ability to obtain discovery and warrants a limited redeposition.

Plaintiff argues that defendants produced the CBA only after the close of discovery on September 14, 2020, and after the deposition of Mr. Serrano, thereby depriving plaintiff of the opportunity to examine Mr. Serrano concerning the CBA. Pl. Br. at 1-2, 5; Scheduling Order, ECF No. 45

Plaintiff argues further that the prejudice resulting from the late disclosure is exacerbated by defendants' stated intention to present trial testimony regarding MTA Bus transfer policies because "Mr. Baker cannot be left guessing how MTA Bus's witnesses may present the language of the CBA to the jury or use it as a basis to, for the first time, provide detail on non-obvious MTA policies." *Id.* at 5

Plaintiff adds that, to alleviate prejudice and "avoid unfair surprise at trial," plaintiff requests that the court either: (1) "limit testimony concerning MTA Bus or union transfer policies, procedures or restrictions, to the extent that those policies have not been previously disclosed"; or, alternatively, (2) "permit Mr. Baker to take a limited deposition" as to MTA Bus transfer procedures. Pl. Br. at 1; Pl. Reply Br. at 1.

In response, defendants advance two main arguments. First, to the extent plaintiff seeks a redeposition, defendants argue that plaintiff "had every opportunity" to question Mr. Serrano regarding MTA Bus employee transfer policies, despite defendants' acknowledgment that they produced the CBA after Mr.

Serrano's deposition.  Defs. Resp. Br. at 2-3, 7.  Defendants add that reopening discovery on the "eve of trial" would disrupt trial proceedings and "result in unnecessary expense and delay."  *Id.* at 7.  Second, to the extent plaintiff requests that the court limit defendants' reliance on the CBA at trial, defendants argue that plaintiff's request is "vague, unclear, and entirely unworkable."  *Id.* at 3, 8.

In reply, plaintiff argues that "[c]ounsel for Mr. Baker could not know *what* questions to ask at Mr. Serrano's deposition because Defendants had not produced the CBA."  Pl. Reply Br. at 2.  Plaintiff highlights the gap between the CBA and Mr. Serrano's testimony, which plaintiff contends did not become apparent until defendants produced the CBA after the deposition.  *Id.*  Specifically, plaintiff argues that defendants' position—which plaintiff contends is consistent with Mr. Serrano's testimony—is that employees assigned to the JFK or Far Rockaway depots cannot transfer to another MTA depot unless they reapply for a different position and a different union.  *Id.*  Plaintiff argues, however, that the CBA contains no express prohibition on transfers between depots.  *Id.*  According to plaintiff, the absence of any such provision in the CBA leaves plaintiff unable to determine what formal or informal MTA Bus policies defendants' trial witnesses may rely upon to explain the asserted transfer restrictions.  *Id.*

With regard to defendants' second argument, plaintiff replies that "[t]o the extent the Court has concerns about whether Mr. Baker's proposed limitation on testimony is 'vague' or 'unworkable', granting a limited deposition would resolve them."  *Id.* at 4 n.1

Defendants point out correctly that motions in limine seeking categorical preclusion of evidence under Rules 401 through 403 of the FRE require a showing that the evidence is "clearly inadmissible on all potential grounds." *Ozsusamlar*, 428 F. Supp. 2d at 164.  Plaintiff's request, however, is not limited to exclusion of the document itself.  Rather, plaintiff principally seeks relief arising from defendants' alleged late disclosure of the CBA and plaintiff's resulting inability to examine Mr. Serrano regarding the document.  Pl. Br. at 2.  Accordingly, the court analyzes the request pursuant to the *Patterson* factors (that is, pursuant to FRCP Rules 26(e) and 37(c)(1), as well as the court's discretion to reopen discovery under Rule 30).

Here, the *Patterson* factors weigh in favor of permitting a limited redeposition.  First, defendants do not offer a substantial justification for producing the CBA only after Mr. Serrano's deposition and after the close of discovery.  *See Patterson*, 440 F.3d at 117.  Second, the testimony and evidence at issue are important because defendants intend to rely at trial on testimony regarding MTA Bus transfer policies that plaintiff contends derive from, or are informed by, the CBA.  Pl. Br. at 2.  Third, plaintiff has demonstrated prejudice resulting from the delayed disclosure—because defendants produced the CBA only after Mr. Serrano's deposition, plaintiff did not have the opportunity to examine Mr. Serrano regarding the relationship between the CBA and the witness' asserted transfer restrictions. *Id.*  Under these circumstances, a limited redeposition is an appropriate remedy to cure the prejudice resulting from the late disclosure.

## CONCLUSION

For the reasons discussed, the Court GRANTS plaintiff's motion in limine to the extent that plaintiff seeks a limited redeposition and otherwise DENIES the motion. The Clerk of the Court is respectfully directed to terminate the open motion at ECF No. 143.

**SO ORDERED.**

Dated: June 4, 2026                    /s/ Timothy M. Reif
New York, New York                   United States Court of International Trade
                                     *Sitting by Designation*
                                     United States District Court for the
                                     Southern District of New York